ORIGINAL

# In the United States Court of Federal Claims

No. 17-1540C
Filed: April 4, 2018
NOT FOR PUBLICATION

FILED
APR - 4 2018
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| RAYMOND MICHAEL GRANT, III, | ) |
| Plaintiff, | ) |
| v. | ) *Pro Se*; Rule 12(b)(1); Subject-Matter Jurisdiction. |
| THE UNITED STATES, | ) |
| Defendant. | ) |

*Raymond Michael Grant, III*, Georgetown, SC, plaintiff *pro se*.

*Albert S. Iarossi*, Trial Attorney, *Tara K. Hogan*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

Plaintiff *pro se*, Raymond Michael Grant, III, brings this action challenging his criminal conviction by the South Carolina Court of General Sessions and his subsequent imprisonment in a state correctional facility. *See generally* Compl. As relief, plaintiff seeks, among other things, to recover monetary damages from the United States in the amount of $1,000.00 per day for the period of time that he was allegedly unjustly imprisoned and $2,000,000.00 in punitive damages. *See generally* Civil Cover Sheet.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has also filed motions to proceed in this matter *in forma pauperis* and for a default judgment. *See generally* Pl. IFP Mot.; Pl. Default Mot. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES** plaintiff's motion for default

7017 1450 0000 1346 0997

judgment; (3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (4) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this matter, plaintiff *pro se*, Raymond Michael Grant, III, challenges his criminal conviction and subsequent sentence to incarceration in the State of South Carolina. On August 14, 2014, plaintiff was arrested and charged by the State of South Carolina with criminal sexual conduct with a minor. Compl. at ¶ 4; Compl. Ex. B and C; *see also* Def. Mot. at 1. After plaintiff pled *nolo contendere* to these charges, he was sentenced to serve eleven months in jail at the South Carolina State Department of Corrections. *See generally* Compl. Ex. B.

Plaintiff raises several challenges to his state criminal conviction in the complaint. First, plaintiff alleges that several local or state officials, including an investigator for the City of Georgetown, South Carolina, a "City police investigator," a state prosecuting attorney, and his public defender, erred or engaged in misconduct in connection with his criminal case. Compl. at ¶¶ 5, 7; *see also* Pl. Resp. at 5. In particular, plaintiff alleges that the errors by his public defender constituted "ineffective assistance of counsel" and violated his Sixth Amendment right to counsel. Compl. at ¶ 7.

Second, plaintiff alleges that a police investigator for the City of Georgetown, South Carolina "entered perjured testimony to the Magistrate to obtain a warrant in fraud" in connection with his criminal case. Compl. at ¶¶ 7, 9; *see also* Pl. Resp. at 4; Def. Mot. at 2. And so, plaintiff maintains that he was unjustly convicted and imprisoned for 349 days. *See generally* Civil Cover Sheet.

In his response and opposition to the government's motion to dismiss, plaintiff also appears to allege additional constitutional law violations. *See generally* Pl. Resp. In this regard, plaintiff alleges that the City of Georgetown, South Carolina violated his constitutional rights under the

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); plaintiff's civil cover sheet ("Civil Cover Sheet"); the government's motion to dismiss ("Def. Mot."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp."). Unless otherwise stated, the facts recited herein are undisputed.

Fourth, Fifth, and Sixth Amendments to the United States Constitution. *Id.* at 3. Lastly, plaintiff alleges a violation of Section 1983 of the Civil Rights Act, and a loss of consortium in connection with his incarceration. *Id.*; *see generally* Civil Cover Sheet.

As relief, plaintiff seeks, among other things, to recover monetary damages from the United States in the amount of $1,000.00 per day for the period that he was allegedly unjustly imprisoned and $2,000,000.00 in punitive damages. *See generally* Civil Cover Sheet.

### B. Procedural History

Plaintiff commenced this matter on October 16, 2017. *See generally* Compl. On October 16, 2017, plaintiff also filed a motion for leave to proceed *in forma pauperis*. *See generally* Pl. IFP Mot.

On December 13, 2017, the government filed a motion to dismiss this matter pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On December 18, 2017, plaintiff filed a motion for default judgment. *See generally* Pl. Default Mot.

On December 20, 2017, the government filed a response and opposition to plaintiff's motion for default judgment. *See generally* Def. Resp. On January 18, 2018, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On February 1, 2018, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court resolves the pending motions.

## III. STANDARDS OF REVIEW

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff]

3

has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B. RCFC 12(b)(1)

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing RCFC 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, S. Ct. 1673 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely

4

confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398, 98 S. Ct. 948 (1976).

To come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *Norman v. United States,* 429 F.3d 1081, 1095 (Fed. Cir. 2005). And so, if the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of subject-matter jurisdiction. *Fisher,* 402 F.3d at 1173; RCFC 12(b)(1).

Specifically relevant to this matter, it is well-established that the United States is the only proper defendant in cases brought in this Court. *United States v. Sherwood,* 312 U.S. 584, 588 (1941) (stating that the Court of Federal Claims "is without jurisdiction of any suit brought against private parties . . . ."); *Anderson v. United States,* 117 Fed. Cl. 330, 331 (2014) (stating that "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself."); *Pikulin v. United States,* 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States,* 58 Fed. Cl. 186, 190 (2003) (emphasis original) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). And so, the Court must dismiss any claims brought against parties other than the United States for lack of subject-matter jurisdiction.

It is also well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Hernandez v. United States,* 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims . . . from the jurisdiction of the United States Court of Federal Claims."). In addition, this Court does not possess subject-matter jurisdiction to consider claims based upon the Fourth or Sixth Amendments to the United States Constitution, or claims based upon the Due Process Clauses of the Fifth or Fourteenth Amendments to the United States Constitution, because these constitutional provisions are not money-mandating. *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed Cir. 1995) (finding that the Due Process and Equal Protection

Clauses of the Fourteenth Amendment do not constitute "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *Godfrey v. United States* 131 Fed. Cl. 111, 120 (2017) (holding the court does not have jurisdiction to adjudicate civil claims in violation of the Fourth, Sixth, and Eighth Amendments, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments, because those provisions of law are not money-mandating).

Lastly, the Court does not possess subject-matter jurisdiction to review or to consider criminal law matters. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); *Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters). And so, the Court must dismiss claims that are not based upon money-mandating, constitutional law provisions; claims sounding in tort; and criminal law claims for lack of subject-matter jurisdiction.

## IV. DISCUSSION

The government has moved to dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), upon the grounds that: (1) plaintiff improperly alleges claims against parties other than the United States and (2) to the extent that plaintiff brings claims against the United States, the Court may not consider plaintiff's criminal law, unjust conviction, constitutional law, tort, and civil rights claims under the Tucker Act. Def. Mot. at 5-6; Def. Reply at 1-2. Plaintiff has also moved for leave to proceed in this matter *in forma pauperis* and for a default judgment against the government, pursuant to 28 U.S.C. § 1915(a) and RCFC 55(a). *See generally* Pl. IFP Mot; Pl. Default Mot.

For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims against the state and local government entities and officials identified in the complaint. The Court also does not possess subject-matter jurisdiction to consider plaintiff's criminal law, unjust conviction, constitutional law, tort, and civil rights claims. And so, the Court must dismiss these claims.

Because the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims, plaintiff is not entitled to a default judgment. Plaintiff has shown, however, that he satisfies the statutory requirements to proceed in this matter *in forma pauperis*.

6

And so, for the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES** plaintiff's motion for default judgment; (3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (4) **DISMISSES** the complaint.

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

#### 1. The Court May Not Consider Claims Against Parties Other Than The United States

As an initial matter, the Court may not consider plaintiff's claims against the City of Georgetown, South Carolina and state and local government officials. In the complaint, plaintiff names the City of Georgetown, South Carolina as one of the defendants in this matter. Compl. at ¶ 3. Plaintiff also alleges in the complaint that an investigator for the City of Georgetown, the City of Georgetown Police Department, the state prosecutor, and his public defender all erred, or engaged in misconduct, in connection with his state criminal case. Compl. at ¶¶ 6-10.

It is well-established that the United States is the only proper defendant in a case brought in this Court. *Pikulin* 97 Fed. Cl. at 75; *Stephenson*, 58 Fed. Cl. at 190 ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."); *see also Sherwood*, 312 U.S. at 588 (stating that the Court of Federal Claims "is without jurisdiction of any suit brought against private parties . . . ."). This Court has also long recognized that it does not possess subject-matter jurisdiction to consider claims against states, localities, state and local government entities, or state and local government officials and employees. *Joshua*, 17 F.3d at 379; *Anderson*, 117 Fed. Cl. at 331 (2014) (stating that "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself."); *Cooper*, 104 Fed. Cl. at 311-12. Because the complaint asserts claims against parties other than the United States, the Court must dismiss these claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

#### 2. The Court May Not Consider Plaintiff's Criminal Law And Unjust Conviction Claims

To the extent that plaintiff asserts claims against the United States, plaintiff's criminal law and unjust conviction claims are also jurisdictionally precluded under the Tucker Act. As discussed above, plaintiff maintains in this action that he was unjustly convicted and imprisoned for 349 days. *See generally* Civil Cover Sheet. But, this Court does not possess subject-matter jurisdiction to

7

review criminal law matters or to overturn plaintiff's criminal conviction. *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002); *see also Joshua*, 17 F.3d at 379 ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); *Cooper*, 104 Fed. Cl. at 311-12 (holding that this Court cannot review criminal matters). And so, the Court must dismiss plaintiff's criminal law claim.

The Court also may not consider plaintiff's claim for damages for unjust conviction. Pursuant to title 28, United States Code, section 1495, this Court possesses subject-matter jurisdiction to consider a claim for compensation due to unjust conviction and imprisonment. 28 U.S.C. § 1495; *Salman v. United States*, 69 Fed. Cl. 36, 39 (2005). Given this, the Court may "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. But, for the Court to exercise jurisdiction over plaintiff's unjust conviction claim here, plaintiff must show that the conviction at issue involves an "offense against the United States" and that: (1) his conviction has been reversed or set aside by a court on the ground that he was not found guilty of the offense for which he was convicted; (2) he was found not guilty on a new trial or rehearing; or (3) he has been pardoned. *Id.*; 28 U.S.C. § 2513; *Salman*, 69 Fed. Cl. at 39; *Lott v. United States*, 11 Cl. Ct. 852, 852-53 (1987).[2]

Plaintiff makes no such showing here. Indeed, while plaintiff attempts to bring an unjust conviction claim in this Court, his conviction and subsequent sentence to incarceration appears to have been in connection with a state criminal proceeding. Compl. at ¶ 4; Compl. Exs. A, B, and C. Plaintiff also does not establish—or even allege—that his criminal conviction for sexual misconduct with a minor has been reversed or set aside by a court, or that he has been pardoned. *See generally* Compl; *see also* 28 U.S.C. § 2513. And so, the Court must also dismiss plaintiff's unjust conviction claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

---

[2] Pursuant to title 28, United States Code, section 1495, this Court may "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. But, a plaintiff seeking to challenge a criminal conviction as unjust under Section 1495 must also "allege and prove that . . . [h]is conviction has been reversed or set aside" with a certificate of innocence from the court that ordered such a reversal. 28 U.S.C. § 2513.

8

### 3. The Court May Not Consider Plaintiff's Loss Of Consortium And Misconduct Claims

The Court also does not possess subject-matter jurisdiction to consider plaintiff's loss of consortium claim—and plaintiff's claim that the government engaged in fraudulent conduct in connection with his criminal conviction and sentence to incarceration—because these claims plainly sound in tort.

Plaintiff alleges that he was "happily married for thirty-five years" at the time of his "unjust arrest" and he seeks $2,000,000.00 in punitive damages for loss of consortium. *See generally* Civil Cover Sheet. But, this Court has held that it does not possess subject-matter jurisdiction to consider loss of consortium claims. *See Hammit v. United States*, 64 Fed. Cl. 547, 547-49 (2005) (finding that the Court did not possess subject-matter jurisdiction to consider plaintiff's loss of consortium claim, because the claim sounded in tort).

The Court also may not consider plaintiff's claim that certain government officials deliberately withheld evidence, filed false reports, and engaged in "gross misconduct" in connection with his criminal case. Compl. at ¶¶ 8-10. This Court does not possess subject-matter jurisdiction to consider such claims alleging tortious government misconduct. *Salman*, 69 Fed. Cl. at 38. And so, the Court must dismiss plaintiff's loss of consortium and misconduct claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 4. The Court May Not Entertain Plaintiff's Constitutional Claims

To the extent that plaintiff asserts claims under the Fourth, Fifth, and Sixth Amendments to the United States Constitution, the Court also may not entertain these claims. In the complaint, plaintiff alleges that his Sixth Amendment right to counsel has been violated due to the alleged errors of his public defender. Compl. at ¶¶ 5, 8. Plaintiff also appears to raise constitutional law claims based upon the Fourth and Fifth Amendments in his response and opposition to the government's motion to dismiss. Pl. Resp. at 3. It is well-established that this Court does not possess subject-matter jurisdiction to consider claims based upon the Fourth and Sixth Amendments to the United States Constitution—or claims based upon the Due Process Clause of the Fifth Amendment—because these constitutional provisions are not money-mandating. *Godfrey*, 131 Fed. Cl. at 120 (holding that the court does not possess jurisdiction to adjudicate civil claims in violation of the Fourth, Sixth, and Eighth Amendments, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments, because those provisions of law are not money-mandating). And so, the

Court must also dismiss plaintiff's constitutional claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 5. The Court May Not Consider Plaintiff's Civil Rights Claim

Lastly, the Court is similarly without jurisdiction to consider plaintiff's civil rights claim, because this claim must be brought in a United States district court. In his response and opposition to the government's motion to dismiss, plaintiff alleges that this Court possesses jurisdiction to consider his claims under, among other authorities, Section 1983 of the Civil Rights Act. Pl. Resp. at 3. To the extent that plaintiff asserts a claim under Section 1983, this claim may not be pursued in this Court. *See* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); *see also Taylor v. United States*, 130 Fed. Cl. 570, 572, *aff'd*, 666 F. App'x 896 (Fed. Cir. 2016) (holding that jurisdiction over civil rights claims brought pursuant to Section 1983 "is vested exclusively in the district courts."); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (same). And so, the Court must dismiss this claim. RCFC 12(b)(1).

### B. Transfer Of This Matter Would Be Futile

Because the Court has determined that it does not possess subject-matter jurisdiction to consider any of plaintiff's clams, the Court next examines whether it would be in the interest of justice to transfer this case to a federal district court. In this regard, the Court's power to transfer a case to a federal district court is governed by 28 U.S.C. § 1631, which provides that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, *the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed*, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis supplied). This Court has also recognized that it should decline to transfer a case if transfer of the case to a federal district court would be futile, "given the weakness

10

of the plaintiff's case on the merits." *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) (internal quotation marks omitted) (quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390-91 (1997)).

As the government observes in its motion to dismiss, plaintiff alleges errors by his public defender and misconduct by various state and local government officials in the complaint. Def. Mot. at 1-2; *see generally* Compl. Such claims against state and local officials would likely not fall within the jurisdiction of the United States district courts. The complaint also fails to allege any facts to show that plaintiff is entitled to relief based upon any of his constitutional law claims. *See generally* Compl.; RCFC 8(a). And so, transfer of this case to a United States district court, where the complaint would likely be summarily dismissed, would not be in the interest of justice.

### C. The Court Must Deny Plaintiff's Motion For Default Judgment

Plaintiff has also filed a motion for entry of a default judgment against the United States upon the ground that the government "failed to plead, defend or otherwise provide a response" to his complaint. Pl. Resp. at 3; *see also* RCFC 55(a). Because the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims, the Court dismisses plaintiff's motion for default judgment as moot. *See, e.g., Wojtczak v. United States*, No. 12-499C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").[3]

### D. Plaintiff's Motion To Proceed *In Forma Pauperis* Satisfies The Statutory Requirements

As a final matter, plaintiff has also filed a motion for leave to proceed in this matter *in forma pauperis* and he seeks a waiver of the Court's filing fee. *See generally* Pl. IFP Mot. In his application to proceed *in forma pauperis*, plaintiff states that he is unemployed and unable to pay the Court's filing fee. *Id.* at 1. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds

---

[3] There can also be no genuine dispute that the government filed a timely response to plaintiff's complaint, when the government filed its motion to dismiss on December 13, 2017. And so, plaintiff's motion for default judgment is also without merit.

that plaintiff satisfies the statutory requirements to proceed *in forma pauperis* in this matter. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## V.  CONCLUSION

In sum, when construed in the light most favorable to plaintiff, the complaint makes clear that the Court does not possesses subject-matter jurisdiction to consider any of plaintiff's claims. And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1). Because the Court may not consider any of plaintiff's claims, the Court must also deny plaintiff's motion for default judgment as moot. Lastly, plaintiff has shown that he may proceed in this litigation without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** the government's motion to dismiss;

(2) **DENIES** plaintiff's motion for default judgment;

(3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and

(4) **DISMISSES** the complaint.

The Clerk's Office is directed to enter judgment in favor of the government.

No costs.

**IT IS SO ORDERED.**

*s/ Lydia Kay Griggsby*
LYDIA KAY GRIGGSBY
Judge